IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES BRIAN CLARK                                                                                           PETITIONER

V.                              Civil No. 3:21-cv-03001-TLB-MEF

JIM ROSS, Sheriff of
Carroll County, Arkansas                                                                                  RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1). The Respondent has not been directed to file a response and none is necessary. The matter is ready for Report and Recommendation.

### I.     BACKGROUND

Petitioner, James Brian Clark ("Clark"), filed his *pro se* Petition on January 14, 2021. (ECF No. 1). The Petition concerns his state criminal cases, *State of Arkansas v. James Brian Clark*, Case No. 08ECR-2019-141 and Case No. 08ECR-2019-182.[1] In Case No. 08ECR-2019-141, Clark is charged with two counts of Terroristic Threatening, four counts of Aggravated Assault, two counts of Domestic Battery in the 3rd Degree, one count of False Imprisonment in the 1st Degree, and one count of False Imprisonment in the 2nd Degree. In Case No. 08ECR-2019-182, Clark is charged with two counts of Domestic Battery in the 2nd Degree and one count of Violation of a No Contact Order. Orders directing a forensic examination of Clark, to determine fitness for trial and for criminal responsibility, were entered on September 2, 2020. A Scheduling Order entered on September 11, 2020 reflects the procedural history of these cases, including those

---

[1] Clark does not provide a case number in his Petition. (ECF No. 1, p. 1). The Court located Clark's state court case information on caseinfo.arcourts.gov.

1

periods of time excluded for purposes of speedy trial. The forensic report finding Clark competent to stand trial was submitted on November 23, 2020.

Clark raises several challenges to the constitutionality of his pending state criminal cases, including a violation of his speedy trial rights. (*Id*. at 5-10). For relief, Clark requests "[p]re-trial relief, adequate counsel, dismissal of indictment and/or 'own recognizance' bond." (*Id*. at 15).

## II. LEGAL STANDARD

First, as a pre-trial detainee filing for relief under 28 U.S.C. § 2254, Clark has filed his Petition under the wrong United States Code section. Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to, among others, persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial detainees challenging the legitimacy of pending state litigation must pursue relief under § 2241. *Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 809 (6th Cir. 2012); *see also Rojas Hernandez v. Paget*, 2016 WL 7404742, * 2 (D. Minn. Nov. 10, 2016) ("Section 2241 has been recognized as a potential source of habeas review for state pretrial detainees."). "Before obtaining habeas relief, however, the petitioner must not only be in custody but also have exhausted his state remedies." *Rojas Hernandez*, *supra*. (citing *Moore v. United States*, 875 F.Supp. 620, 622 (D. Neb. 1994). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id*. (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).

### III.   ANALYSIS

To the extent Clark's Petition raises issues that may be resolved by trial or other state process, his claims are barred by the *Younger* abstention doctrine. Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when: "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("federal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.") (internal quotations omitted)).

At the time Clark's Petition was filed on January 14, 2021, there was an ongoing state judicial proceeding pending, which implicated the important state interest of enforcing state criminal law, and that pending state criminal proceeding affords Clark an adequate opportunity to raise the constitutional questions he presents. His allegations all center on his pending state criminal cases. Pursuant to *Younger*, this Court is required to abstain from hearing the matter, leaving Clark to pursue his constitutional claims in his state criminal case.

### IV.   CONCLUSION

Accordingly, it is recommended that Clark's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Clark also has a pending motion to proceed IFP. (ECF No. 4). The motion is deficient in that it does not attach a statement of account, certified by the appropriate institutional officer, reflecting the status of Clark's institutional account for the past six months. However, given the recommendation to dismiss Clark's Petition, it is also recommended that Clark's motion to proceed IFP (ECF No. 4) be DENIED as MOOT.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of January 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE